**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GEREMY STONE,

      Plaintiff,

vs.                                                                                    No. CIV 05-508 JB/RLP

CHRISTOPHER JUAREZ and
ORLANDO CAMACHO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine Under Daubert

to Exclude Opinion Evidence Related to Gang Membership, filed January 10, 2006 (Doc. 22).  The

Court held a hearing on this motion on February 3, 2006.  The primary issue is whether the Court

should preclude Defendant police officers Christopher Juarez and Orlando Camacho, from testifying

that they were detaining Crypt gang members at the mall.  Because the Court believes that the

Defendants do not intend to offer opinion testimony whether the young males were actually Crypt

gang members, and because the factual circumstances surrounding the incident and the officers'

training and knowledge are central to the issues of this case, the Court will deny the motion and not

preclude the testimony of what the Defendants were told by mall security, what the Defendants

observed, or what the Defendants believed at the time of the incident based on their previous training

and knowledge.

**FACTUAL BACKGROUND**

On December 26, 2004, Officer Juarez, a City of Albuquerque Police Officer,  was detaining

a group of young, alleged male gang members at the Coronado Shopping Mall in Albuquerque, New

Mexico.  See Criminal Complaint at 1 (filed December 26, 2004); Deposition of Christopher Juarez (hereinafter "Juarez Depo.") at 10:2-12:24 (taken December 1, 2005).  Juarez contends that Plaintiff Geremy Stone yelled "[i]t's all about the Bloods" at a group of young, male gang members flying their "colors" -- hanging blue bandanas in their back pockets -- at the Coronado Shopping Mall in Albuquerque, New Mexico.  Juarez Depo. at 12:19-13:3; Criminal Complaint at 1.  Stone's claims arise out of the Defendant's reaction to this comment and the situation it created.

## PROCEDURAL BACKGROUND

Stone filed suit in state court on April 7, 2005, bringing claims for Battery, Seizure Arrest and Prosecution without Probable Cause, Excessive Use of Force, Malicious Abuse of Process, and False Imprisonment.  See generally Complaint.  The Defendants removed the case to federal court on May 6, 2005.  See Petition for Removal.  Stone requests that the Court preclude Juarez and Camacho from testifying that they were detaining Crypt gang members when Stone yelled "its all about the Bloods."  Plaintiff's Motion in Limine Under Daubert to Exclude Opinion Evidence Related to Gang Membership ("Motion in Limine") at 1.

## RULE 701

Rule 701 of the Federal Rules of Evidence allows a lay witness to offer opinion testimony that is "(a) rationally based on perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or specialized knowledge within the scope of rule 702."  Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

-2-

## ANALYSIS

Stone contends that there is not a proper foundation for the offered opinions.  See Motion in Limine at 1.  Stone asserts that there are four reasons why the Court should exclude this opinion testimony: (i) the Defendants can offer no scientific study or data compilation on the identification of gang members; (ii) the Defendants have no expert training and have never been recognized as experts on gang member identification; (iii) there is no factual support for the opinion that the young men were gang members; and (iv) the officers' unsubstantiated opinion is more prejudicial than probative.  See id. ¶¶ 1-4, at 1.

First, the Defendants assert that they do not intend to seek qualification as experts, see Response Memorandum in Opposition to Plaintiff's Motion in Limine Under Daubert to Exclude Opinion Evidence Related to Gang Membership ("Response") ¶ 1, at 1, filed January 31, 2006 (Doc. 26), and thus Stone's arguments that the Defendants can offer no scientific study of data compilation on the identification of gang members and that the Defendants have no expert training are inapplicable.  The Court believes that the testimony concerning the detention of alleged gang members is relevant to this case.  To decide the lawfulness of the arrest, and the excessive force claim, the jury will have to determine the reasonableness of the Defendants' actions.  The reasonableness of the Defendants' actions is dependent on the circumstances surrounding the events, and on the officers' training and knowledge of gang activity.

It is largely irrelevant to the Defendants' defense, if not totally so, whether they were detaining actual gang members.  What is relevant is what they believed concerning the young males they were detaining when Stone walked past and stated "its all about the Bloods."  The Defendants confirmed at the hearing that they do not intend to prove that the people they were detaining were

actually gang members. See Transcript of Hearing at 4:19-20 (taken February 3, 2006). Rather, they will offer testimony as to the factual circumstances surrounding the detention of the young males, including the information given to them from the mall security officers, and the later arrest of Stone. See id. at 4:19-5:17. They will also testify as to their training and experience to shed light on the reasonableness of their actions in these circumstances. See id. The Defendants essentially argue that they are going to be testifying as to facts, -- what they heard and believed -- and that there is not any opinion testimony that will be offered whether these young males were actually gang members. See id. at 6:6-8.

The Court agrees with the Defendants' assessment of the proffered testimony. The Defendants will testify about their training in relation to gangs. The Defendants will testify as to what mall security told them concerning the young men. They will also testify what they observed and whether it was consistent with their training. All of this is fact testimony in the context of these claims and not opinion testimony. Even the testimony of what the Defendants believed based on their training and experience at the time of the incident is fact testimony.

Stone argues that the officers' beliefs that these were gang members is unsupported. See Motion in Limine at 2-3. That argument is a central issue to this case, and the Court will not take that decision out of the jury's hands. Stone will have the opportunity to make that argument at trial, and the jury will have the opportunity to decide that issue.

At the hearing, Stone argued that the Defendants should not be able to testify that these young men were gang members, see id. at 8:8-10, but also stated that the jury has a right to hear the facts, what they observed, and what they reasonably believed based on their observations, see id. at 8:13-16. Again, the Court does not believe that the Defendants are attempting to testify that these young

men were actually gang members.  The Defendants will testify as to the facts -- what they observed and what they reasonably believed based on their observations.

The Defendants' belief at the time of the incident necessarily includes their past training and knowledge concerning gang activity, and states a factual proposition.  What the Defendants believed at the time of the incident and why they had that belief at the time of the incident are factual issues.  Because the Defendants assert that they are offering fact testimony, and that they are not offering opinion testimony to prove that the young males they were detaining were actually gang members, the Court will not exclude the proffered testimony under rule 701 or rule 702.

Finally, given the probative value of the evidence, the Court finds that the danger of unfair prejudice does not substantially outweigh its probative value to the determination of issues in this case.  To eliminate this testimony would be to largely preclude the Defendants' defense.  The Court will therefore not preclude the evidence under rule 403.

**IT IS ORDERED** that the Plaintiff's Motion in Limine Under Daubert to Exclude Opinion Evidence Related to Gang Membership is denied.  The Court will not preclude the Defendants from testifying concerning what mall security officers told them, what they observed, and what they reasonably believed based on their training and knowledge.  The Court assumes from the arguments made at the hearing that the Defendants are not attempting to offer opinion testimony as to whether the young males were gang members, but rather are offering fact testimony whether they believed they were gang members when they arrested Stone and why they believed that they were gang members.  The Defendants should first approach the Court before attempting to elicit any opinion testimony concerning the young males' gang affiliation.

-5-

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Joseph P. Kennedy
Shannon L. Oliver
Kennedy & Oliver, P.C.
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Peter H. Pierotti
  Assistant City Attorney
Albuquerque City Attorney's Office
Albuquerque, New Mexico

       *Attorney for the Defendants Orlando Camacho and Christopher Juarez*